RECEIVED
OCT 2 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MICHAEL BAKER<br>KOVA BAKER<br><br>VERSUS<br><br>ALLSTATE INS. CO. | CIVIL ACTION NO. 04-2039<br><br>JUDGE MELANÇON<br><br>MAGISTRATE JUDGE METHVIN |

## RULING ON AMOUNT OF RULE 37(a)(4) SANCTIONS

On September 8, 2005, the undersigned magistrate judge granted plaintiffs Michael and Kova's motion to compel discovery responses and for attorney's fees against defendant Allstate Insurance Company.[1] Plaintiffs were ordered to file an affidavit of fees and costs incurred in prosecuting the motion to compel so that the court could make an appropriate award. That affidavit, which is unopposed, is now before the court.[2]

Rule 37(a)(4)(A) FED. R. CIV. P. provides that when a motion to compel is granted, "the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Reasonable attorney's fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart,

---

[1] Rec. Doc. 25.

[2] Rec. Doc. 26.

461 U.S. 424, 434 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. League of United Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist., 119 F. 3d 1228, 1232 (1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984).

Plaintiffs seek an award of $831.25 in attorney's fees, which includes 6.65 hours billed by William Bull at a rate of $125.00 per hour. After reviewing the affidavit and the underlying discovery dispute, the undersigned concludes that the number of hours expended and the hourly rate sought are reasonable.

**IT IS THEREFORE ORDERED** that defendant Allstate Insurance Company shall forward payment to plaintiffs through their counsel of record the sum of $831.25 within thirty (30) days following receipt of this order.

Signed at Lafayette, Louisiana on October 20, 2005.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)